Please Note: We have sua sponte removed this case from the accelerated calendar.
DECISION.
Plaintiff-appellant Christo Lassiter has taken the instant appeal from the entry of summary judgment for defendants-appellees Curtis Oakley-Everson, M.D., and Mid City Pediatrics on two of three claims for relief asserted by Lassiter in his amended complaint. Lassiter advances on appeal two assignments of error. We do not, however, reach the merits of the challenges presented on appeal, because the entry from which Lassiter has appealed is not a final appealable order.
In February of 1998, Lassiter filed an action against Oakley-Everson in the Hamilton County Court of Common Pleas, seeking damages for alleged acts of medical malpractice and for the doctor's refusal to testify in a child-custody action between Lassiter and his ex-wife. In August, Lassiter amended his complaint to add Mid City Pediatrics to his medical-malpractice claim and to add to his two claims against Oakley-Everson a claim for "fraudulent misrepresentation." Oakley-Everson responded with a counterclaim, by which he sought damages from Lassiter for abuse of process.[1]
Following a period for discovery, Oakley-Everson and Mid City Pediatrics separately moved for summary judgment on the amended complaint. By entry dated November 20, 1998, the trial court entered summary judgment for Oakley-Everson and Mid City Pediatrics on the medical-malpractice claim and for Oakley-Everson on the refusal-to-testify claim. From that entry, Lasssiter appealed.
Section 3(B) (2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C. 2505.03(A) limits the jurisdiction of courts of appeals to the review of "final order[s], judgment[s] or decree[s]." R.C. 2505.02 defines a "final order," in relevant part, as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment."
When, as here, an action involves multiple claims and multiple parties, Civ.R. 54(B) authorizes the trial court to do the following:
 * * * enter final judgment as to one or more but fewer than all of the claims or parties[, but] only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order. It can, however, render appealable a final order entered in an action involving multiple claims or parties, when that order adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. SeeWisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,354, 617 N.E.2d 1136, 1138.
The November 1998 entry from which Lassiter has appealed determined only two of the three claims advanced by Lassiter against Oakley-Everson in the amended complaint and did not address the abuse-of-process counterclaim asserted by Oakley-Everson against Lassiter. Thus, although the entry "affect[ed] a substantial right," it did not "in effect determine the action and prevent a judgment" as to Oakley-Everson. Accordingly, the entry is not a "final order" as to him.
The entry also granted summary judgment for Mid City Pediatrics on the sole claim advanced against that entity in Lassiter's complaint. The entry thus "affect[ed] a substantial right" and "in effect determine[d] the action and prevent[ed] a judgment" as to Mid City Pediatrics. The entry is, therefore, a "final order" as to Mid City Pediatrics.
The entry, however, adjudicated fewer than all the claims and the rights and liabilities of fewer than all the parties to the action. Its appealability, therefore, depends upon Civ.R. 54(B) certification. The trial court did not include in the entry from which this appeal derives an express determination that there is no just reason for delay. In the absence Civ.R. 54(B) certification, the entry is not an appealable order.
In the absence of a final appealable order, we are without jurisdiction to entertain Lassiter's appeal. For that reason, we dismiss the appeal.
Appeal dismissed.
 Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] On February 10, 1999, after Lassiter had filed the notice of appeal in this matter, Everson-Oakley moved to amend his counterclaim to add a claim for malicious prosecution.